# EXHIBIT A

FILED
8/31/2017 12:28 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

**CIVIL CASE INFORMATION SHEET**

**2017CI16649**

150TH

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **NANCY KAY ALANIS V. ALLSTATE INSURNACE COMPANY AND STEVEN YODER**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Eric B. Storm<br><br>Address:<br>11420 Bee Caves Rd., Ste. A-100<br><br>City/State/Zip:<br>Austin, Texas 78738<br><br>Signature:<br>/s/ Eric B. Storm | Email:<br>eric.storm@thestormlawfirm.com<br><br>Telephone:<br>512-593-1881<br><br>Fax:<br>512-276-6677<br><br>State Bar No:<br>24033244 | Plaintiff(s)/Petitioner(s):<br><br>Nancy Kay Alanis<br><br><br>Defendant(s)/Respondent(s):<br><br>Allstate Insurance Company<br>Stephen Yoder<br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| | | **Probate & Mental Health** | |
|---|---|---|---|
| **Tax**<br>☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |



## SUPPLEMENTARY PROBATE CASE INFORMATION SHEET
### TRAVIS COUNTY PROBATE COURT NO. 1

CAUSE NO. C-1-PB-_____ - _____

This sheet is a supplement to the Civil Case Information Sheet required by Texas Rule of Civil Procedure 78a. Both the Civil Case Information Sheet and this supplementary sheet should be completed whenever an original petition or application is filed in this Court. Except for the case style, there's no duplication between the two sheets. If you are e-filing the original petition or application, an information sheet cannot be the lead document.

The information should be the best available at the time of filing, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

| |
|---|
| **1. Case style.** Please indicate the correct case style. For *example*, "Estate of Decedent's name", "Guardianship of the Person and Estate of Proposed Ward's name," or "Plaintiff(s) v. Defendant(s)." If "Plaintiff v. Defendant," list all parties; attach additional page as necessary (an estate or guardianship cannot be a party; it's the executor, administrator, or guardian who has the capacity to sue or be sued). |

| | |
|---|---|
| **2. Related case(s).** Has this case been previously filed, or is it related to a case previously filed in this court or in another court? | ☐ No<br>☐ Yes, in this court. Cause No. C-1-PB-<br>　　(☐ - new case is guardianship after 683; will be same cause number)<br>　　(☐ - new case is guardianship after chapter 48; new cause number & new style)<br>☐ Yes, in another court:<br>　　Court:　　　Cause　　　No.<br>　　Attach page(s) as needed. If you are attaching page(s) with information about additional related cases, check here: ☐ |

### 3. Indicate case type (check only one):

| Independent Administration | All Other Estate Proceedings | Ancillary Cases (new cause #) |
|---|---|---|
| ☐ Probate Letters Testamentary (independent) (PBL + 3020) | ☐ Probate Muniment of Title (PMU + 3021)<br>　☐ Muniment of Title **more than 4 years after date of death** (PMU + 3021) | ☐ Ancillary action related to an Independent Administration (includes court-ordered severance) (PIA + 3115) |
| ☐ Indep. Admin., Will Annexed (PAI + 3030) | ☐ Heirship / No Administration (PHE + 3033) | ☐ Ancillary action related to a Dependent Administration (includes court-ordered severance) (PDA + 3116) |
| ☐ Indep. Admin. with Heirship (PAH + 3032) | ☐ Small Estate Affidavit (PSM + 3040) | |
| ☐ Foreign Will Letters (independent) (§ 95 + § 105) (PWL + 3102) | ☐ Foreign Will Recording only (§ 95) (PWR + 3044) | ☐ Ancillary action related to Guardianship of an Adult (includes court-ordered severance) (PAA + 3117) |
| **Dependent Administration** | ☐ § 75 Will Deposit or Application to Produce Will (PWD + 3041) | |
| ☐ Dependent Administration (all dependent administrations: executor, will annexed, with heirship, or with heirship to follow) (PAD + 3031) | ☐ 36B Application to Open Safety Deposit Box (PDB + 3103) | ☐ Ancillary action related to Guardianship of a Minor (includes court-ordered severance) (PAM + 3118) |
| ☐ Temporary Administration (PAT + 3019) | ☐ 108 Emergency Intervention (funeral, burial, rental) (PEI + 3104) | ☐ Ancillary action that is in this court because a trustee is a party (includes court-ordered severance) (PTP + 3119) |
| ☐ Foreign Will Letters (dependent) (§ 95 + § 105) (PW1 + 3043) | ☐ 887 Custodial Account (887 + 3014)<br>☐ 889 Sale of Property of Minor (PSP + 3035) | |
| **Guardianship / 867 Trust – Adult** | **Guardianship / 867 Trust – Minor** | **683 Investigations & Chapter 48** |
| ☐ Guard'ship Adult Person only (PG1 + 3023) | ☐ Guard'ship Minor Person only (PM1 + 3047) | ☐ Court Initiated / 683 (PCI + 3028)<br>☐ Chapter 48 Protection (PEL + 3122) |
| ☐ Guard'ship Adult Estate only (PG2 + 3024) | ☐ Guard'ship Minor Estate only (PM2 + 3049) | **All Other Cases** |
| ☐ Guard'ship Adult Per & Estate (PG3 + 3022) | ☐ Guard'ship Minor Per & Estate (PM3 + 3025) | ☐ Trust action not related to estate or guardianship (PBT + 3018) (if related to estate or guardianship, see "ancillary cases" above) |
| ☐ Guard'ship Adult Temporary (PGT + 3027) | ☐ Guard'ship Minor Temporary (PMT + 3105) | |
| ☐ 867 or QIT Trust Adult (867 + 3016) | ☐ 867 Trust Minor (86M + 3106) | |
| ☐ 881 Appointment of Non-Resident Guardian – Adult (PNA + 3108) | ☐ 881 Appointment of Non-Resident Guardian – Minor (PNM + 3107) | ☐ 885 Receivership of Minor or Incapacitated (PRM + 3120) |
| ☐ 883 Incapacitated Spouse; Community | Document Type: CIVIL CASE INFORMATION SHEET | |

Supplementary _Probate_Court_Cover_Sheet_9/07/2010



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 12, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS ORIGINAL SIGNATURE.)*

PRIVATE PROCESS



2017CI16649 S00002

Case Number: 2017-CI-16649

**NANCY K ALANIS**
**VS.**
**ALLSTATE INSURANCE COMPANY ET AL**
(Note:Attached Document May Contain Additional Litigants.)

**CITATION**

"THE STATE OF TEXAS"

Directed To: STEVEN YODER

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION  was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 12TH DAY OF SEPTEMBER A.D., 2017.

ERIC B STORM
ATTORNEY FOR PLAINTIFF
11420 BEE CAVES RD A1-100
AUSTIN, TX 78738



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Edgar Garcia*, Deputy

---

NANCY K ALANIS
VS
ALLSTATE INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2817-CI-16649
Court: 150th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached CRIGINAL PETITION  on the date of delivery endorsed on it to_____ in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

Document Type: CITATION

_____
Declarant

Page 1 of 2

FILE COPY (DK082)

DOCUMENT SCANNED AS FILED

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 12, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By:

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

PRIVATE PROCESS



2017CI16649  S00001

Case Number: 2017-CI-16649

**NANCY K ALANIS**
**VS.**
**ALLSTATE INSURANCE COMPANY ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
150th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To: ALLSTATE INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 12TH DAY OF SEPTEMBER A.D., 2017.

ERIC B STORM
ATTORNEY FOR PLAINTIFF
11420 BEE CAVES RD A1-100
AUSTIN, TX 78738



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Edgar Garcia*, Deputy

NANCY K ALANIS
VS
ALLSTATE INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2017-CI-16649
Court: 150th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION  on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or  (  )  not  executed  because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

Case Number: 2017CI16649

Document Type: CITATION

Declarant

Page 1 of 2

FILE COPY (DK002)

**DOCUMENT SCANNED AS FILED**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 12, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
8/31/2017 12:28 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

2CHTSPPSL/SAC1 W/JD

**2017CI16649**

NO. _____

| | | |
|---|---|---|
| **NANCY KAY ALANIS** | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | 150TH |
| **V.** | § | ___ JUDICIAL DISTRICT |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **AND STEVEN YODER** | § | |
| **Defendants** | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NANCY KAY ALANIS, ("Plaintiff"), files this petition complaining of ALLSTATE Insurance Company ("ALLSTATE") and ALLSTATE field adjustor Steven Yoder ("Yoder") (collectively "Defendants") and in support thereof would show the court the following:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Discovery Level 2 pursuant to TEX. R. CIV. P. 190.3. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and all other relief to which Plaintiff is entitled.

### II. PARTIES AND SERVICE

2.     Plaintiff Nancy Alanis is an individual who, until her loss at issue in this case, resided at 13210 Hunter's View, San Antonio, Texas 78230 (the "Property" herein). Plaintiff may be served by and through her attorney of record as stated herein.

3.     Defendant ALLSTATE Insurance Company is an Illinois insurer incorporated in the State of Illinois and doing business in the State of Texas by selling property and casualty insurance. Their principal office is located in Austin, Travis County, Texas. Defendant ALLSTATE can be served through their registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136.

4. Defendant Steven Yoder is a resident of Katy, Texas. Defendant Yoder can be served at his last known residence located at 22136 Westheimer Parkway, Katy, Texas 77450, or at his place of business at 21614 Spring Vine Lane, Katy, Texas 77450.

### III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court.

6. The Court has personal jurisdiction over Defendant ALLSTATE because it is a foreign insurance company engaging in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7. The Court has personal jurisdiction over Defendant Yoder because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

8. Venue is proper in Bexar County, Texas because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

9. Venue is proper in Bexar County, Texas because all or a substantial part of the events giving rise to the claim occurred in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

### IV. FACTUAL BACKGROUND

10. Plaintiff is the owner of a Texas Homeowners' Insurance Policy ("Policy," herein), issued by ALLSTATE effective March 5, 2009.

11. Defendant ALLSTATE sold Plaintiff the Policy insuring the Property.

12. Between 2009-2015, ALLSTATE never provided Plaintiff a copy of her Policy.

13. Between 2009 and 2016, Plaintiff had multiple ALLSTATE agents due to the sale of the ALLSTATE insurance office at various times.

14.     At all relevant times, the multiple ALLSTATE insurance agents represented to Plaintiff that ALLSTATE was a superior insurance company. Specifically, Plaintiff was told that in the event of any insured loss, Plaintiff had "replacement" insurance coverage where ALLSTATE would promptly address insured losses and promptly remit payment for replacement items without delay. Appellant relied on those representations when remitting payments to ALLSTATE.

15.     On April 12, 2016, the date of the loss, Plaintiff owned the insured property which is commonly known as 13210 Hunters View, San Antonio, Texas, 78230, Bexar County, Texas ("the Property").

16.     On April 12, 2016, a severe hail and windstorm swept through the states of Texas, South Carolina and Louisiana.   In San Antonio, the storm primarily struck the northwestern portion of Bexar County with reported grapefruit size hail that pummeled homes and vehicles.  Hundreds of vehicle windows were reported as shattered in the aftermath.  The hailstorm was reported to be the costliest in Texas history with nearly $1.4 billion in insured losses. Plaintiff's Property was in the direct path of the hail and windstorm and Plaintiff lost electricity around 10:00 p.m. on the evening of April 12, 2016. Plaintiff's home suffered substantial damage which included electrical surges rendering appliances, deck lights, pool pump and AC units non-repairable.   Plaintiff's screens were torn and window seals cracked. The stucco siding was damaged with visible water penetration and trim boards were thrashed and/or pulled away from the home.  Plaintiff's roof was severely pummeled with hail and many of the "Grade A" cedar shingles had been thrown to the ground.   Plaintiff's garage wall was beaten with the massive size hail and a tree limb also fell against the garage wall which together, created large openings where water ultimately entered inside the garage and caused personal property damage.  The severe winds also shifted the fence causing it to substantially lean, lifted the deck boards on the pool deck and dropped deck rails and the deck lathe to the ground.  Plaintiff also suffered food loss due to the electrical damage to her refrigerators.

17.     Following the storm, Plaintiff contacted the City of San Antonio Code Compliance office to report the damage to her garage wall and requested an inspection to learn the protocol to repair the same.

3

18.     Plaintiff also tried repeatedly to reach her ALLSTATE agent who was not available until weeks after the hail and wind storm.   After repeated attempts through busy telephone lines, Plaintiff finally reached the ALLSTATE claims office to submit her claim under the ALLSTATE Policy.

19.     Plaintiff submitted a claim to ALLSTATE against the Policy for the hail and windstorm damages to her residential home, loss of personal property and debris removal.   Plaintiff asked ALLSTATE to cover the losses pursuant to the terms of the Policy.

20.     Defendant ALLSTATE assigned Defendant Yoder to be the field adjustor on the claim and tasked him with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including quantifying the damage to Plaintiff's Property. After Plaintiff provided ALLSTATE all required information and satisfied all conditions precedent for recovery, Defendant Yoder visited the Plaintiff's property in May 2016 to assess the damages. Defendant Yoder conducted a bad faith and substandard investigation of Plaintiff's losses.

21.     Upon his arrival and before undertaking any investigation to Plaintiff's damaged property and personal property loss, Defendant Yoder informed Plaintiff at the onset that ALLSTATE had reviewed her claim and determined it was denying the claim as to any garage wall damage and personal property loss resulting from the same.   Defendant Yoder clarified he would not be inspecting any of the garage wall damage or personal property damage.   Defendant Yoder refused to accept Plaintiff's photos showing garage wall and mold damage. When Plaintiff offered to remove the boards from the garage wall so the inspector could see the internal damage and thereby provide an informed basis for ALLSTATE to re-consider their perfunctory denial—a denial that apparently had been made before the inspector even arrived at the Property and without the benefit of a review of the actual damage—defendant Yoder instructed Plaintiff not to remove the boards as ALLSTATE had already made a decision to deny liability and refuse to pay for any loss related to the garage wall and personal property.   Defendant Yoder stated that had a tree fallen on the roof and caused damage, ALLSTATE would cover that loss.

22.     Following Mr. Yoder's explanation, Plaintiff contacted ALLSTATE by telephone and confirmed ALLSTATE's pre-denial of Plaintiff's claims arising from the hail and wind damage to the garage wall and other personal property loss. In 2017, Plaintiff incurred expenses to repair the damaged

4

garage walls which contained clear evidence of mold. The City of San Antonio Code Compliance approved the completed repairs. Plaintiff re-submitted her garage wall damage claim to ALLSTATE in 2017 with photos and receipts and ALLSTATE denied reimbursement and again refused to pay for the loss.

23. During the May 2016 field inspection, Plaintiff also showed Defendant Yoder the hail damaged pool deck areas and leaning fence. Plaintiff showed Defendant Yoder the raised nails on the deck where boards had been lifted by the winds and twisted. Yoder was also shown where the rails and lathe had fallen and where the deck rails were also left leaning. ALLSTATE denied liability for these damages and refused to pay for any loss associated with the deck damage claim. Then in 2017, in an outrageous turn of events, ALLSTATE cited the damaged condition of the deck—the same damage it refused to accept liability to repair—as its basis for its termination of Plaintiff's Policy. Indeed, ALLSTATE informed Plaintiff that her failure to repair the deck damage caused the termination of her Policy effective March 5, 2017.

24. Also during the May 2016 field inspection, Plaintiff showed Defendant Yoder the electrical damage to two AC systems at the Property, the deck lights and outlets, the pool pump, and other home appliances, (including the garage and kitchen refrigerators, the stove top, and the oven/microwave panel). Defendant Yoder refused to inspect the inside appliances and instructed Plaintiff to consult experts first on "repairing" and then proceed with "replacement" if necessary. Defendant Yoder informed Plaintiff to provide ALLSTATE with her replacement receipts. In 2016 when Plaintiff informed ALLSTATE of her inability to repair her stove top because there were no replacement parts for her particular stove -top model and provided ALLSTATE a replacement estimate from Best Buy, ALLSTATE denied liability and refused to pay the loss rather than replace the appliance.

25. Likewise, in 2017, when Plaintiff provided ALLSTATE evidence of no parts available to repair the freezer of the inside kitchen refrigerator and her receipt for the purchase of a replacement refrigerator, ALLSTATE again denied liability and refused to pay the loss.

26. During the May 2016 inspection, Defendant Yoder informed Plaintiff he was an expert roofer and he determined her roof required a complete replacement. ALLSTATE grossly under

5

estimated the roof replacement for "Grade A" cedar shingles and caused Plaintiff financial harm by relying on the same.     In 2016, roofers refused to replace the Plaintiff's roof at the ALLSTATE replacement cost calculations and Plaintiff complained to ALLSTATE that no roofers were reflecting the job.     ALLSTATE initially calculated roof replacement at $19,601.32. Plaintiff obtained a roof replacement bid from Castillo Roofing for approx. $47,000. In May 2017, when Mr. Castillo, owner of Castillo Roofing, met with ALLSTATE representatives at Plaintiff's residence to discuss his bid, ALLSTATE's adjusters agreed with Mr. Castillo that they miscalculated their materials estimate by not calculating replacement for "Grade A" cedar shingles. Although the representatives made nominal adjustments to their original roof replacement estimate (raising it to approx. $23,644.69), their adjusted figure continued to be substantially less than Mr. Castillo's roof replacement estimate. When Mr. Castillo asked ALLSTATE representatives if they had any further questions regarding his bid, ALLSTATE informed Mr. Castillo they had no further questions and stated that he could leave. After Mr. Castillo left, ALLSTATE asserted to Plaintiff that Mr. Castillo's bid did not contain accurate quotes for materials. ALLSTATE failed to address with Mr. Castillo his materials calculations when they had the opportunity to resolve this issue and failed to provide Plaintiff with any corroborating facts or explanation to substantiate their preferred (lower) materials estimate.

27.     In June 2016, Plaintiff informed ALLSTATE that three different AC companies inspected her two AC units and determined they suffered an electrical surge rendering them "not repairable". Plaintiff provided ALLSTATE inspection reports from Felix Air Services who determined that Plaintiff's AC units (downstairs/upstairs) were not repairable and required replacement. Thereafter, ALLSTATE contacted Felix Air Services and urged them to change their report and find the Plaintiff's AC units were "repairable" instead of "replaceable". Felix Air Services promptly notified the Plaintiff of the ALLSTATE request and their reluctance to continue work under ALLSTATE's deceptive practices. When Plaintiff presented ALLSTATE her Felix Air Services invoice, ALLSTATE redacted out substantial sums and penalized Plaintiff for complying with federal law minimum AC SEER requirements for Texas. Plaintiff had to submit a demand to ALLSTATE for full reimbursement.

28.    Between July and December 2016, Plaintiff requested ALLSTATE apprise her if they were going to approve the replacement of her second AC unit (upstairs) without delaying full reimbursement. Plaintiff obtained an AC installation estimate from Aramendia Plumbing Heating & Air for $7,300 and a second bid from Felix Air Services for $6,600. After Plaintiff provided the lower of the two AC bids to ALLSTATE, ALLSTATE approved the replacement of the second AC in August 2017, but for an amount substantially below the replacement cost thereby causing Plaintiff additional financial harm. Specifically, ALLSTATE approved the second AC replacement at only $4,500. more than $2,000 below the actual replacement cost.

29.    Additionally, Defendants ALLSTATE and Yoder failed to make timely payment for Plaintiff's cost of debris removal after Plaintiff submitted photos and receipts for the same.

30.    In short, Defendant ALLSTATE failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.   Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  ALLSTATE's conduct constitutes a breach of the insurance contract between ALLSTATE and Plaintiff.

31.    Defendants ALLSTATE and Yoder failed to make an attempt to settle Plaintiff's claim in a prompt, fair, and equitable manner, although they were aware of their reasonably clear liability to Plaintiff's under the Policy.  Defendants ALLSTATE and Yoder's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §§ 541.151 & 541.060(a)(2)(A).

32.    Defendants ALLSTATE and Yoder failed to explain to Plaintiff the reason for their offer of an inadequate settlement.  Specifically, Defendants ALLSTATE and Yoder failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Further, Defendants ALLSTATE and Yoder did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. ALLSTATE and Yoder's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

7

33.     Defendants ALLSTATE and Yoder failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants ALLSTATE and Yoder. ALLSTATE and Yoder's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

34.     Defendants ALLSTATE and Yoder refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants ALLSTATE and Yoder failed to conduct a reasonable investigation. Specifically, Defendants ALLSTATE and Yoder performed a pre-determined investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants ALLSTATE and Yoder's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

35.     Defendant ALLSTATE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant ALLSTATE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

36.     Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claims. Defendant ALLSTATE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

37.     After Plaintiff's claim was presented to ALLSTATE, the liability of ALLSTATE to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ALLSTATE's conduct constitutes breach of the common law duty of good faith and fair dealing.

38.     As a result of Defendants' unreasonable investigation, bad faith valuation and unjustified delay, Plaintiff was considerably underpaid on her claim and has suffered damages. The mishandling of

Plaintiff's claim has also resulted in more than a one-year delay in Plaintiff's ability to replace her property, which has resulted in additional damages. To date, ALLSTATE continues to delay the payment for damages to the Property. As a result, Plaintiff has not been paid in full for damages to her home.

39.     Because of the acts of ALLSTATE to deny and/or undercompensate Plaintiff for her claims, Plaintiff's daily routine has been substantially disrupted and filled with high stress, beginning almost immediately following the April 12, 2016 hail and windstorm to the present time. For example, when ALLSTATE refused to cover Plaintiff's garage wall damage, Plaintiff became extremely fearful about her health because there was a strong mold smell that lingered in the garage. Plaintiff reasonably feared daily that mold would travel throughout her home and cause physical health issues for her, her tenant, and her guests. When Plaintiff repaired the garage wall damage in April 2017, her fears were confirmed because she discovered that mold had in fact traveled along all the garage walls.

40.     Further, because ALLSTATE low-balled its initial roof repair estimate, available roofers did not want to undertake Plaintiff's roof replacement job. To this day Plaintiff remains fearful that she will discover water damage due to the incomplete and inadequate roof repair that will create a mold issue inside her home house and cause further health issues. Already, because of the roof issue and the lack of AC/Heating upstairs, Plaintiff is unable to use the upstairs portion of her home and she is required to frequently stay at another location to work and sleep.

41.     Plaintiff has also experienced is likely to continue to suffer considerable stress, mental anguish and detrimental health effects as a result of the mold in the home and the threat of its spread due to the ongoing damage to the roof. Whereas Plaintiff used to sleep close to eight hours a night, she now typically can get only four to five hours of sleep a night because of her ongoing stress, discomfort, and fear. Plaintiff's normal everyday life activities have also been affected because she cannot entertain family and friends in her home under the current conditions, which include a lack of working kitchen appliances.

9

42.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the undersigned attorney and law firm to represent her and prosecute these causes of action.

## V. CAUSES OF ACTION

### A. CAUSES OF ACTION AGAINST DEFENDANT YODER

#### (1) NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

44.     Defendant Yoder is liable to Plaintiff for intentional violations of the Texas Insurance Code including multiple violations of the Texas Insurance Code's proscription of unfair settlement practices. TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

45.     Defendant Yoder is individually liable for his unfair and deceptive acts, irrespective if the fact he was acting in behalf of ALLSTATE, because he is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added).  *(See Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

46.     Defendant Yoder's unfair settlement practice, as described above, of failing to commence a timely investigation of Plaintiff's claim (and in the case of the garage damage and the damage to the home appliances, failing to commence any reasonable investigation) constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 542.055(a)(2).

47.      Defendant Yoder's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §§ 541.060(a)(1) & 541.060(a)(2)(A).

48.      Defendant Yoder's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

49.      Defendant Yoder's unfair settlement practice, as described above, of failing to timely provide written indication of acceptance or rejection of coverage a claim, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§ 541.060(a)(4), 542.056(a).

50.      Defendant Yoder's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## B. CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

51.      Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

52.      Defendant ALLSTATE is liable to Plaintiff for intentional breach of contract, as well as violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### (1) BREACH OF CONTRACT

53.      Defendant ALLSTATE's conduct constitutes a breach of the insurance contract made between ALLSTATE and Plaintiff.

54. Defendant ALLSTATE's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of ALLSTATE's insurance contract with Plaintiff.

### (2) NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. Defendant ALLSTATE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§ 541.060(a) & 542.003. All violations under these articles are made actionable by TEX. INS. CODE § 541.151.

56. Defendant ALLSTATES's unfair settlement practice, as described above, of failing to commence a timely investigation of Plaintiff's claim (and in the case of the garage damage and the damage to the home appliances, failing to commence any reasonable investigation) constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 542.055(a).

57. Defendant ALLSTATE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though ALLSTATES'S liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §§ 541.060(a)(1) & 541.060(a)(2)(A).

58. Defendant ALLSTATE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

59. Defendant ALLSTATE's unfair settlement practice, as described above, of failing to promptly provide give written indication of acceptance or rejection of coverage for a claim, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

60.    Defendant ALLSTATE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### (3) NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

61.    Defendant ALLSTATE's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 541.060.

62.    Defendant ALLSTATE's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE § 542.056.

63.    Defendant ALLSTATE's delay of the payment of Plaintiff's claim following receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

### (4) BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64.    Defendant ALLSTATE's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

65.    Defendant ALLSTATE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, ALLSTATE knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### C. KNOWLEDGE

66.    Each of the acts described above, together and singularly, was done "knowingly", as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### D. APPRAISAL WAIVER

67.     Defendant ALLSTATE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim and its decision to instead engage in intentional conduct to routinely deny coverage on valid claims as stated herein, including but not limited to its bad faith conduct in trying to persuade an HVAC Company to change its "replacement" findings to repair, its pre-inspection determination to deny coverage of the garage wall damage and the resulting personal property damage, its flat refusal to cover unrepairable appliances that were damaged by electrical surges caused by the storm, its refusal to vet the bona fide quotes from Plaintiffs' roof repair contractors, and its unjustified termination of the Policy based on Plaintiff's loss in connection with the hail-damaged deck, constitute waiver of the Policy's appraisal provision.

68.     The insurer's acts were reasonably calculated to induce the insured to believe that compliance with the policy's terms is not desired or would be of no effect if performed. These acts amounted to "a denial of liability, or a refusal to pay the loss." *See In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011).

69.     Moreover, Plaintiff was prejudiced by ALLSTATE's actions because, among other harms, she was not able to timely discover the full measure of the mold damage to her garage, she was ultimately compelled to make repairs to the garage at her own expense (and thus making any appraisal of the property's current condition irrelevant), she has been denied coverage for her loss of several of her affected appliances and one of her AC units, her roof has still not been adequately repaired leading to additional damage, and she has had her policy canceled as a result of damage that ALLSTATE in bad faith refused to cover. These harms have required Plaintiff to incur substantial personal expenses to remedy and have caused delays that have exacerbateded the damage to her property.

### E. DISCOVERY RULE

70.     Pursuant to the discovery rule, a cause of action does not begin to accrue until Plaintiff knew, or in the exercise of reasonable diligence should have known, of the wrongful act and resulting injury. The discovery rule applies in this case, and the statute of limitations does not begin to run until Plaintiff discovered the improprieties set out above.

14

## F. DAMAGES

71.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff. These damages are a direct result of Defendants ALLSTATE's and Yoder's mishandling of Plaintiff's claim in violation of the Policy and the laws set forth above.

72.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

73.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney fees.

74.    For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE § 541.152.

75.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum in the amount of such damages, together with attorney fees and costs. TEX. INS. CODE § 542.060.

76.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

77.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to cover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, post trial and any appeals to the Court of Appeals and / or the Texas Supreme Court of Texas.

## G. CONDITIONS PRECEDENT

78.    All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## VI. JURY DEMAND

15

79.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Bexar County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## VII. PRAYER

80.     WHERFORE, Plaintiff requests that Defendant be cited to appear and answer this petition and that upon final hearing, that Plaintiff be awarded such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages and treble damages under the Texas Insurance Code as may be found. In addition, Plaintiff's request the award of attorney's fees for the trial, post trial, appeal to the Court of Appeals and/or Texas Supreme Court, for all costs of Court expended on Plaintiff's behalf, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Date: August 31, 2017

Respectfully Submitted,

**THE STORM LAW FIRM PLLC**

_/s/ Eric B. Storm_
Eric B. Storm
State Bar No. 24033244
eric.storm@thestormlawfirm.com
11420 Bee Caves Rd, Suite A-100
Austin, TX 78738
Telephone: (512) 593-1881
Facsimile: (512) 276-6677

**ATTORNEYS FOR PLAINTIFF**
**NANCY ALANIS**

Case 5:17-cv-01060-OLG  Document 1-1  Filed 10/19/17  Page 26 of 32

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 12, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
10/10/2017 8:23 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

## NO.  2017CI16649

| | | |
|---|---|---|
| **NANCY KAY ALANIS** | ' | **IN THE DISTRICT COURT** |
| **VS.** | ' | **BEXAR COUNTY, TEXAS** |
| **ALLSTATE INSURANCE COMPANY AND STEVEN YODER** | ' | **150TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Fire and Casualty Insurance, incorrectly named as Allstate Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

### III.

1

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.  For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by '  17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### IV.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

### V.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.  Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### VI.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of her claim, as required by the policy.

### VII.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution

2

Page 28 of

and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Fire and Casualty Insurance, incorrectly named as Allstate Insurance Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

3

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiff disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Fire and Casualty Insurance, incorrectly named as Allstate Insurance Company, prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ *John M. Causey*
John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas   77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

### ATTORNEYS FOR DEFENDANT

Please be advised that the *only* valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

**CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer and Request for Disclosure has been delivered to all interested parties on October 10, 2017 correctly addressed to:

> Eric Storm
> The Storm Law Firm, P.L.L.C.
> 11420 Bee Caves Road
> Suite A-100
> Austin, TX 78738
> eric.storm@thestormlawfirm.com
> **Attorneys for Plaintiff, Nancy Kay Alanis**
> *Via electronic service*

/s/ *John M. Causey*
John M. Causey

5



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 12, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*